IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON PARMELEY, #13231-045, and MARCO GUIRLANDO, #143209, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 20-cv-00370-JPG ) |
| DONALD J. TRUMP, WILLIAM BARR, MICHAEL CARVAJAL, ADAM W. COHEN, and TOM WERLICH, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court for preliminary review is a Complaint filed by Plaintiffs Jason Parmeley and Marco Guirlando on April 23, 2020. (Doc. 1). Parmeley is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville). (Doc 1, p. 19). Guirlando is a federal pretrial detainee who is housed at Union County Jail located in El Dorado, Arkansas. (*Id*.). Proceeding *pro se*, they seek to bring a class action lawsuit on behalf of four classes of BOP inmates pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Plaintiffs assert an Eighth and/or Fourteenth Amendment claim against Defendants for exposing BOP inmates to conditions of confinement posing a serious and immediate risk of illness or death from COVID-19, the disease caused by the novel coronavirus. Plaintiffs seek release of BOP inmates in all four classes. (*Id*.).

1

Due to the urgent nature of their request, the Court will take up this matter without delay.[1] *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiffs make the following allegations in the Complaint: As of April 15, 2020, Plaintiffs state that coronavirus has caused the deaths of more than 125,000 individuals worldwide and 25,000 individuals in the United States. (Doc. 1, pp. 1-20). Because the virus is highly contagious and its method of transmission stealthy, coronavirus poses a particularly significant threat to inmate populations. (*Id.*). The BOP has come under attack by Plaintiffs, who describe the BOP's response to the virus as too little too late. (*Id.*).

Plaintiffs identify four classes of inmates who they claim should be released from custody to ensure their safety and the safety of those individuals remaining in BOP facilities nationwide: (1) Class 1: individuals in custody with serious underlying medical conditions that put them at heightened risk of serious harm or death from COVID-19; (2) Class 2: individuals in custody who are at heightened risk of serious harm or death from COVID-19 because of their advanced age

---

[1] The Court has dispensed with its standard practice of issuing an Order pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), in this particular multi-plaintiff *pro se* case. Plaintiffs have demonstrated their intent to pursue their claims together in this action by preparing, signing, and filing a Complaint (Doc. 1) and separate Motions for Leave to Proceed *in forma pauperis* (Docs. 2 and 3).

(defined as 55 or older); (3) Class 3: non-violent offenders in custody who have less than fifteen years until their release date; and (4) Class 4: individuals in custody who currently have a clemency petition pending before President Trump.  (*Id*. at pp. 15-16).  Plaintiffs seek immediate release of members in Classes 1 and 2, transfer to home detention or halfway houses of members in Class 3, and an order granting all pending clemency petitions for members in Class 4.  (*Id*. at pp. 18-19).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single claim in this *pro se* action:

> **Count 1:**   Eighth and/or Fourteenth Amendment claim against Defendants for subjecting BOP inmates to conditions posing a serious and immediate risk of infection and/or death from COVID-19.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

This Court must evaluate the substance of Plaintiffs' claim to determine if the correct statutes - in this case 28 U.S.C. § 1331 and 42 U.S.C. § 1983 – have been invoked.  *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002).  If a prisoner is "challenging the conditions rather than the fact of confinement, . . . his remedy is under civil rights law." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).  Plaintiffs invoke civil rights law to challenge the conditions of their confinement.  However, Section 1983 provides a remedy for constitutional deprivations caused by state actors, and none of the defendants are state actors.  Section 1331 and *Bivens*[3] provide a limited damages remedy for constitutional deprivations caused by federal officials, but Plaintiffs do not seek damages.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[3] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Plaintiffs request release, a remedy that is not available under Section 1983 or *Bivens*.[4] (Doc. 1).  A petition for a writ of habeas corpus is the proper route if a prisoner is seeking "what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation."  *Graham*, 922 F.2d at 381.  This is exactly what Plaintiffs seek in their Complaint.  If they wish to pursue this request for relief, each Plaintiff should separately file their own Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the federal judicial district where they are currently confined.[5]

Alternatively, each Plaintiff may make this request by filing a motion for compassionate release pursuant to Title VI, Section 603(b) of the First Step Act of 2018 in his underlying criminal case in the federal judicial district where the criminal case was brought.  However, Plaintiffs should be aware that they cannot file a motion for compassionate release until "after exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier."

When deciding which path to pursue, this Court is not in a position to make a decision for the Plaintiffs.  The Court also cannot convert this action into some other type of action on behalf of either Plaintiff.  Each Plaintiff must decide on his own whether and when he will file a habeas petition or motion for compassionate release.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing Section 1983 claims that should have been brought as petitions for writ of habeas

---

[4] Although Plaintiffs seek to bring a class action, prisoners bringing a *pro se* action cannot represent a class of plaintiffs.  *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.

[5] Parmeley is confined at FCI-Greenville, which is located in the federal judicial district for the Southern District of Illinois.  Guirlando is housed at Union County Jail in El Dorado, Arkansas, which is located in the federal judicial district for the Western District of Arkansas.

4

corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus).  This Order does not prevent either Plaintiff from filing a separate habeas action or motion for compassionate release at the time and in the court of their choosing.

Because the Complaint fails to state a claim upon which relief may be granted under Section 1983 or *Bivens*, it shall be dismissed without prejudice.  If either Plaintiff wishes to re-file a First Amended Complaint pursuant to *Bivens* or Section 1983, he may do so in this case.  However, Plaintiffs are warned that their claims are subject to severance, transfer, or even dismissal for failure to properly exhaust all available administrative remedies before filing this suit.[6]  If either individual chooses *not* to file a First Amended Complaint, this action will be dismissed *without* prejudice as to that Plaintiff.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  The Motions for Leave to Proceed *in forma pauperis* (Docs. 2 and 3) will be addressed in separate court orders.

If either Plaintiff wishes to seek release from custody, he may use the standard habeas petition provided to file a separate habeas action pursuant to 28 U.S.C. § 2241 in the federal judicial district where he is confined.  Alternatively, if either Plaintiff wishes to seek compassionate release, he may file a motion for compassionate release pursuant to Section 603(b) of the First Step Act of 2018 in his underlying criminal case.  Finally, if either Plaintiff wishes to pursue a claim

---

[6] Plaintiffs are required to exhaust all available remedies before filing suit in order to comply with the Prison Litigation Reform Act, and failure to do so will result in eventual dismissal of the action. 42 U.S.C. § 1997e. If they did not exhaust all available administrative remedies before filing this suit, each Plaintiff should do so and then re-file their suit(s) as new action(s).

under *Bivens* or Section 1983, he may use the standard civil rights complaint form provided to file a First Amended Complaint in this case or by bringing a separate action altogether, at the time and in the court of his choosing.

The Clerk of Court is **DIRECTED** to send each Plaintiff a blank Petition for Writ of Habeas Corpus Under 28 U.S.C. § 1441 and a blank Civil Rights Complaint form for use by *pro se* prisoners.

A "First Amended Complaint" is due in this case on or before **May 26, 2020**. Should a Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed *without* prejudice against that Plaintiff. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that each Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00370-JPG). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court generally will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own without reference to any previous pleading. Each Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, each Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/27/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
